UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBORAH H. MORRIS | CIVIL ACTION |
| VERSUS | |
| GRANITE STATE INSURANCE COMPANY | NO. 08-516-D-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, February 6, 2009.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH H. MORRIS** | **CIVIL ACTION** |
| **VERSUS** | |
| **GRANITE STATE INSURANCE COMPANY** | **NO. 08-516-D-M2** |

## MAGISTRATE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Remand (R. Doc. 9) filed by plaintiff, Deborah H. Morris ("Morris"). Defendant, Granite State Insurance Company ("Granite"), has filed an opposition (R. Doc. 12) to Morris' motion.

## FACTS & PROCEDURAL BACKGROUND

On or about July 17, 2008, Morris filed this suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. In the petition, she alleges that, on or about August 9, 2006, she was operating a 2006 Saturn, with the permission of its owner, Gerry Lane Enterprises, traveling eastbound on Evangeline Street in Baton Rouge, when Angelina Benton ("Benton"), who was operating a 1996 Saturn, with the permission of its owner, Jerome Silvjo, suddenly and without warning rear-ended the vehicle she was operating. Morris further alleges that there was neither a policy of automobile liability insurance covering the vehicle being driven by Benton at the time of the accident nor a policy covering Benton herself. Morris contends, however, that the vehicle she was driving at the time of the accident had in full force and effect a policy of insurance issued by Granite, which covered her as an employee of Gerry Lane Enterprises and as a permissive driver of Gerry Lane's insured vehicles and which provided uninsured/underinsured

1

motorist and medical payment coverage within the contemplation of the Louisiana Uninsured Motorist Protection Act. Morris asserts, in the petition, that she made formal demands and provided satisfactory proof of loss to Granite for uninsured motorist coverage and that Granite has been arbitrary and capricious in its adjustment of her claim in that it has "failed to tender an amount over which reasonable minds could not differ within legal delays, and has acted in bad faith in denying and/or under-evaluating [p]laintiff's claim," and that she is therefore entitled to penalties and attorney's fees in addition to the other damages claimed.

According to the petition, Morris sustained "serious bodily injuries" as a result of the accident, including but not limited to, injuries to her neck and back. She contends that she is entitled to damages for past and future mental anguish and physical suffering; loss of enjoyment of life, including the inability to engage in many activities she engaged in prior to the accident; past and future medical care expenses, including expenses for travel to the physicians' office(s); past and future loss of earnings; impaired earning capacity; and other elements of damages that will be demonstrated at trial.

Granite removed Morris' suit to this Court on August 14, 2008 on the basis of diversity jurisdiction. Morris has now filed the present motion, seeking remand of this matter to state court on the ground that the requisite jurisdictional amount, *i.e.*, $75,000.00 (exclusive of interest and costs), is not in controversy in this suit for purposes of diversity jurisdiction. Alternatively, Morris asserts that, if Granite will stipulate that the damages to be awarded in this matter shall be $75,001.00 (exclusive of interest and costs) and to have a trial solely on the issue of liability, she will "gladly stipulate to [that] damage award and continue to proceed in [f]ederal [c]ourt."

**LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[1] Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000). Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

---

[1] It is undisputed that the parties to this matter are citizens of different states, in that Morris is alleged to be a citizen of Louisiana and Granite is alleged to be a foreign corporation incorporated in the State of Pennsylvania with its principal place of business in the State of New York. Accordingly, the only issue relative to the jurisdictional determination to be made herein is whether or not the requisite jurisdictional amount is in controversy.

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by: (1) showing state procedural rules binding the plaintiff to his/her pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in Morris' petition, it is ambiguous as to whether or not her damages in this matter will exceed $75,000.00, exclusive of interest and costs. The list of damages contained in the petition simply provides the usual and customary damages set forth by personal injury plaintiffs and does not provide the Court with any guidance as to the monetary amount of damages Morris has or will incur in this matter. Furthermore, Morris did not pray for a state court jury trial in her petition so it is not even clear to the Court, based solely upon her allegations, whether or not her damages will exceed the threshold amount for a state court jury trial, $50,000.00.[3]

Because the amount in controversy remains ambiguous after considering the allegations in the petition, the Court must next consider whether Granite has met its burden of proving, through summary judgment-type evidence, that the requisite amount is in controversy in this matter for purposes of diversity jurisdiction. Granite did not submit any

---

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

[3] *See*, La.C.C.P. art. 1732, which provides that a state trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000.00, exclusive of interest and costs.

summary-judgment type evidence with its Notice of Removal in this matter. Instead, it relied solely upon the damages alleged in Paragraph 6 of the petition. As discussed above, such allegations of damages, on their own, are not sufficient to carry Granite's burden of proof upon removal. Granite also relied, in its Notice of Removal, upon the fact that Morris failed to include an Article 893 stipulation in her petition.[4] However, all three federal district courts in Louisiana have recognized that such a failure alone, without any evidence demonstrating that the amount in controversy exceeds $75,000.00, is insufficient to establish that diversity jurisdiction exists. *See, Weber v.* Stevenson, 2007 WL 4441261 (M.D.La. 2007).[5]

Granite has now submitted with its opposition to Morris' motion to remand certain summary judgment-type evidence that it contends sufficiently demonstrates that Morris is likely to recover at least $75,000.00, exclusive of interest and costs. Specifically, Granite has produced a copy of a pre-suit settlement demand letter sent by plaintiff's counsel to a

---

[4] La. C.C.P. art. 893 provides the following:

>  A (1)  No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. . .

La. C.C.P. art. 893.

[5] *See also, Lilly v. Big E Drilling Co.*, 2007 WL 2407254 (W.D.La. 2007); *Berthelot v. Scottsdale Insurance Co. of Arizona*, 2007 WL 716126 (E.D.La. 2007).

5

claims adjuster for defendant on June 30, 2008 relating to the accident in question. In that letter, plaintiff's counsel explains that, as a result of the accident, Morris immediately began to experience pain in her chest and neck for which she was transported to the Our Lady of the Lake Hospital emergency room. In the emergency room, she was examined, x-rayed, prescribed medication, and released to follow-up with her family physician. In the demand letter, plaintiff's counsel also provides a medical chronology discussing the subsequent medical treatment that Morris received and indicates that Morris incurred $13,928.23 in medical treatment expenses related to the accident in question. Plaintiff's counsel further indicates that, at the time of the settlement demand letter, the items of general damages in addition to the special damages amounting to $13,928.23 "exceed[ed] the available insurance," and he therefore recommended a settlement for Morris "under the uninsured/underinsured and medpay provision of the policy in the amount of the policy limits to amicably conclude this matter." *See,* Exhibit B to Granite's opposition.

While Granite contends that such demand letter demonstrates that the amount in controversy requirement is satisfied because the liability limits under the policy amount to $1,000,000.00, the Court does not find, based upon the precise language contained in the demand letter, that plaintiff was requesting the full $1,000,000.00 in liability limits. Instead, it appears that plaintiff was only requesting the limits under the uninsured/underinsured and medpay provisions of the policy, which are $5,000.00 per person for medical payments and $20,000.00 per accident for uninsured motorist coverage. As such, it appears that plaintiff was demanding $25,000.00 in policy limits through the settlement demand letter, rather than $1,000,000.00, as Granite contends. Although the demand letter indicates that the combination of plaintiff's general and special damages "exceed the available insurance,"

6

considering plaintiff's request for payment of the policy limits under the uninsured/underinsured and medpay provisions of the policy, the Court interprets the letter to mean that plaintiff's general and special damages exceed only the $25,000.00 limits. Thus, the settlement demand letter alone does not necessarily demonstrate that the amount in controversy requirement is satisfied herein.

The final item of summary judgment-type evidence that Granite has submitted for the Court's review is a copy of the transcript from Morris's deposition taken on October 16, 2008. *See*, Exhibit C to Granite's opposition. Granite relies upon Morris' testimony that she continues to suffer from headaches and pain in her mid-back and neck over two years after the accident in question and that one of her physicians, Dr. Isaza, told her that he would recommend surgery if her pain does not stop as evidence that the amount in controversy in this matter exceeds $75,000.00. Granite has not, however, offered any competent evidence or jurisprudence to substantiate the assertion that the type and severity of the symptoms from which Morris continues to suffer and the surgery that Dr. Isaza could potentially recommend will result in her damages exceeding the $75,000.00 threshold. For example, Granite has not provided the Court with any information as to the type of surgery Morris might undergo and how much the surgery and related hospitalization, if any, would cost. Moreover, Granite has not supplied the Court with citations to any cases wherein Louisiana plaintiffs with symptoms and surgeries similar to that of Morris received damage awards in excess of $75,000.00.[6] Thus, in order to reach

---

[6] Additionally, Granite has not supplied the Court with any substantive information concerning the value of Morris' wage loss and earning capacity claims so that the Court can incorporate that information into its amount in controversy calculation.

the conclusion that the jurisdictional minimum is satisfied in this case, the Court would have to speculate, which it is not permitted to do, particularly when all doubts about the propriety of removal are to be resolved in favor of remand. *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418 (5th Cir. 2008). In sum, Granite's reference to Morris' settlement demand letter and to her deposition testimony alone do not sufficiently prove to the Court, by a preponderance of the evidence, that she is likely to be awarded in excess of $75,000.00, exclusive of interest and costs, in this matter.

Finally, where a state court petition is ambiguous as to the amount in controversy, as in this case, and the defendant has failed to show by a preponderance of the evidence that the jurisdictional minimum is satisfied, courts often consider the post-removal affidavits and stipulations of plaintiffs concerning the amount in controversy. *ANPAC*, at 565 ("In this case, the affidavits clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal").[7] The "Irrevocable Stipulation As to Amount in Controversy" that Morris filed with

---

[7] *See, Guillory v. Chevron Stations, Inc.*, 2004 WL 1661201 (E.D. La. 2004)(Given that the amount in controversy was not facially apparent from the complaint and the defendant's inability to show by a preponderance of the evidence that more than $75,000 was in controversy, the court credited the plaintiff's post-removal affidavit); *Easley v. Pace Concerts*, 1999 WL 649632 (E.D. La. 1999)(similarly crediting a plaintiff's stipulation that damages did not meet the jurisdictional minimum for diversity); *Parker v. Millar Elevator Services Co.*, 2000 WL 64289 (E.D. La. 2000)(Although not binding, a post-removal unsworn stipulation may be considered as evidence in determining whether the amount in controversy has been met. After considering all the evidence, including the post-removal stipulation, the court found that the defendants had failed to prove by a preponderance of the evidence that the plaintiff's total damages more likely than not would exceed the jurisdictional amount); *De Aguilar v. Boeing Co. [De Aguilar II]*, 47 F.3d 1404, 1406 (5th Cir. 1995)("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question

the Court on December 2, 2008 (R. Doc. 7) indicates that "her claimed damages arising out of the accident . . . do not exceed the sum of $75,000.00." Considering that stipulation and the lack of sufficient evidence to the contrary, the Court finds that the requisite amount in controversy for purposes of diversity jurisdiction does not exist herein, and Morris' motion to remand should be granted.

As to Morris' request for an award of the attorney's fees and costs incurred in connection with her motion to remand, the Court finds that such an award is not warranted in this case. The Fifth Circuit Court of Appeals has held that "[f]ees should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper'." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)(quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Considering that Granite presented some summary judgment-type evidence supporting its position upon removal and the Court simply found that Granite did not meet its preponderance burden (because it failed to provide sufficient evidence regarding the costs associated with Morris' potential surgery, about the value of Morris' wage loss and earning capacity claims, and concerning damages awarded to Louisiana plaintiffs with the same or similar injuries to that of Morris), Granite's removal of this matter is not considered by the Court to have been "objectively unreasonable." Had Granite supplied the additional evidence referenced, its removal of this matter may have been sustained. Accordingly, the

---

is unresolved"); *Jackson v. Markel American Insurance Co.*, 1998 WL 527230 (N.D. Miss. 1998)(Where the court found it doubtful, based upon the face of the complaint and the evidence presented by the defendant, that the plaintiff would recover in excess of $75,000, the court found it appropriate to consider the plaintiff's affidavits and statement of intent to recover below the federal jurisdictional minimum).

Court does not find that appropriate circumstances exist herein for an award of costs and expenses to the plaintiff.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 9) filed by plaintiff, Deborah H. Morris, should be **GRANTED IN PART**, in that this matter should be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings, and **DENIED IN PART**, in that plaintiff's request for an award of the reasonable costs and expenses associated with this motion should be denied.

Signed in chambers in Baton Rouge, Louisiana, February 6, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**